# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 21, 2002

## STATE OF TENNESSEE v. CALVIN LAMONT HANNAH

**Direct Appeal from the Criminal Court for Sumner County**
**No. CR286-1998      Jane Wheatcraft, Judge**

_____

**No. M2001-02717-CCA-R3-CD - Filed August 29, 2002**
_____

The defendant appeals the revocation of his probation. He argues that the trial court erred in ordering him to serve his original sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

David Allen Doyle, District Public Defender, and Thomas J. Smith, Assistant Public Defender, for the appellant, Calvin Lamont Hannah.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Dee D. Gay, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In October of 1994, the defendant, Calvin Lamont Hannah, pled guilty to the offense of sale of cocaine and was sentenced to eight years to be served in split confinement. The trial court ordered the defendant to serve one year in the county jail and to serve the balance of the sentence on supervised probation. Two warrants for violation of probation were issued in 1999, one in July and one in November. However, the defendant was not arrested until July of 2001. After a hearing, the trial court revoked the defendant's probation and ordered him to serve the remainder of his original sentence.

Probation officer Karen Smith testified at the revocation hearing that she began supervision of the defendant in 1998. She filed the first probation violation warrant in July of 1999 because the defendant was thirteen months behind on payment of his probation fees and had not obtained his GED or provided proof that he was working toward earning his GED. A transcript of the original sentencing hearing reflects that a condition of the defendant's probation was that he obtain his GED. In November of 1999, Ms. Smith filed an amended warrant to reflect that the defendant had failed to report to her since June of 1999, had been unemployed

since February of 1999, and had not been paying his monthly fines. According to Smith, the defendant never reported to her again after June of 1999.

The defendant testified that at the time of the hearing, he had been employed for eighteen months at a plumbing service. He testified that he was current on his child support payments, which was a condition of his probation. The defendant admitted that he had not reported to his probation officer since June of 1999, over two years before the hearing. He explained that he was laid off from his job at "The Mattress Firm" in February of 1999 and had no income. The last time he met with Ms. Smith, she informed him that she intended to file a probation violation warrant. According to the defendant, he did not report back to Ms. Smith to avoid being arrested. He claimed that he had bills to pay and was afraid of being imprisoned. Therefore, he continued to look for another job and stopped reporting to Ms. Smith. With regards to the requirement that he obtain a GED, the defendant explained that he had not had time for it because of his work schedule. The defendant asserted that he had been paying court costs and fees since his arrest in July of 2001. He also reported to a probation officer, Mike Keeton, after making bond.

After receiving this evidence, the trial court found that there was no excuse for the defendant's failure to report and pay his court ordered fees for over two years, especially in light of the fact that he had been employed for eighteen months. Although the trial court recognized that there were factors in the defendant's favor, the court also found that it was apparent that the defendant would not comply with the terms of probation if given another opportunity. The court ordered that the defendant's probation be revoked and that he serve his sentence in the Department of Correction. The defendant then filed this appeal.

**Standard of Review**

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, 311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a de novo standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

After reviewing the record, we conclude that there is more than substantial evidence that the defendant failed to report as directed; failed to pay supervision fees and costs; and failed to make a good faith effort to obtain his GED. At the revocation hearing, the defendant offered no satisfactory explanation for his failure to report for over two years or obtain a GED and did not explain why he was unable to pay his fees and costs after he obtained regular employment. Additionally, we note that the defendant admitted that he had previously failed to comply with

the conditions of probation and was given a break by the trial court at that time. There is no abuse of discretion in the trial court's decision to order the defendant to serve the remainder of his original sentence in the Department of Correction.

**Conclusion**

Accordingly, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE